that I am not convinced by some of the additional rationale upon which the majority relies.[2]

As a final observation, to the degree that some ambiguity may attend the majority's statement that an alleged beneficiary is required to forward an executed testamentary document "expressly *identifying* him," Majority Opinion, at 46, 152 A.3d at 262 (emphasis added), my understanding of identification includes the express naming of such a person, as well as the provision for "non-named beneficiaries." *Id.* at 42–43 & n.12, 152 A.3d at 260 & n.12 (reasoning that such a term is inclusive of beneficiaries designated by reference to "my children" or persons or entities to be ascertained following the testator's death, rather than persons completely omitted).

152 A.3d 982

**Charles PICARELLA Jr., Appellant**

v.

**COMMONWEALTH of Pennsylvania DEPARTMENT OF CORRECTIONS, Appellee**

**No. 80 MAP 2016**

Supreme Court of Pennsylvania.

DECIDED: December 28, 2016

**2.** For example, I do not believe that the use of extrinsic evidence to adjudge the intent of a decedent and his attorney is any more problematic in this context than it would be in other similar settings in which intent may be proved through such evidence. *Compare* Majority Opinion, at 45, 152 A.3d at 262 ("The execution requirement and the bar on extrinsic evidence act precisely to prevent courts from speculating regarding a testator's intent under such circumstances ...."), *with In re Estate of Field*, 953 A.2d 1281, 1288 (Pa. Super. 2008) (permitting the use of extrinsic evidence to show that decedent intended for an unsigned trust amendment to be effective).

## ORDER

PER CURIAM

**AND NOW**, this 28th day of December, 2016, the Order of the Commonwealth Court is **AFFIRMED**.

152 A.3d 982

Dana YOUNG, Appellant

v.

PA DEPARTMENT OF CORRECTIONS, Appellee

No. 27 MAP 2016

Supreme Court of Pennsylvania.

DECIDED: December 28, 2016

## ORDER

PER CURIAM

**AND NOW**, this 28th day of December, 2016, the Order of the Commonwealth Court is **AFFIRMED**.

152 A.3d 983

GGNSC CLARION LP d/b/a "Golden Living Center—Clarion", GGNSC Warren Kinzua Valley LP d/b/a "Golden Living Center—Kinzua", GGNSC Wilkes–Barre II LP d/b/a "Golden Living Center—Summit", Harmarvillage Care Center LLC d/b/a Harmarvillage Care Center, Providence Care Center LLC d/b/a Providence Care Center, Mulberry Square Elder Care & Reha-